UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| BUCKINGHAM MANAGEMENT, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Angel Williams ("Williams" or "Plaintiff"), by counsel, brings this action against Defendant, Buckingham Management, LLC, ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*

**II. PARTIES**

2. Williams is a resident of Morgan County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is located and conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5).

6. Williams was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Williams satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on disability. Williams received the required Notice of her Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Williams was hired by Defendant on or about October 6, 2020. Williams served as a multi-site Property Manager.

10. During all relevant times, Williams met or exceeded the Defendant's legitimate performance expectations. In fact, in or about February 2022, Williams was praised for her performance by Melissa McClure ("McClure"), the Regional Manager for Defendant.

11. In or about September 2021, Plaintiff's mother passed away, and shortly after, in early February 2022, Plaintiff's best friend passed away. The depression that stemmed from these incidents substantially limited Williams in one or more major life activities and/or Defendant perceived as such.

12. When Williams returned to the office following her best friend's funeral, Defendant became overly critical of her mental and emotional health. Instances include but are not limited to:

- McClure told Williams that she wasn't smiling enough and didn't look approachable in person and over Microsoft Teams;

- McClure asked Williams to exhibit "more of an executive presence" and stated that she was not engaging enough; and

- McClure suggested that Williams see a doctor. After Williams stated that she has her own physician, McClure said that she was aware, but maybe Williams should consider seeing another one through the EAP program and should bring her situation to the attention of Lori Gooding, the Director of Human Resources. Williams felt this was inappropriate, and she asked Defendant to refrain from bringing her medical situation into the workplace.

13. On or about March 7, 2022, Williams received a "final" warning giving her thirty (30) days to improve her performance or be subject to termination, even though it was her first warning of any kind. McClure did not review the warning with Williams; she simply handed Williams the paper and stated that she [McClure] was not "going down for this". McClure also told Williams that she could respond directly to HR and McClure did not care to be included.

14. Williams attempted to reach out via email to discuss the warning, but Defendant ignored her. Williams requested weekly meetings so that her performance could improve, but Defendant declined her request and otherwise failed to engage in the interactive process required by the ADA.

15. On or about March 22, 2022, well before the conclusion of the thirty-day period to improve her performance, Defendant terminated Plaintiff's employment, claiming that she could not perform the essential functions of the role. McClure did not review the termination letter with Williams; she handed Williams the paper and stated that she [Williams] might do well with another company, but it would not be Buckingham.

## V. CAUSES OF ACTION
### COUNT I: DISABILITY DISCRIMINATION

16. Williams hereby incorporates paragraphs one (1) through fifteen (15) of her Complaint as if the same were set forth at length herein.

17. Defendant violated Williams' rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* by discriminating against her because of her actual or perceived disability. Defendant subjected her to disparate treatment because of her disabilities in violation of the ADA.

18. Williams' employment was terminated because of her disability.

19. Defendant's actions were intentional, willful, and in reckless disregard of William's rights as protected by the ADA.

20. Williams has suffered damages as a result of the Defendant's unlawful actions.

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

21. Williams hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Defendant unlawfully retaliated against Williams for exercising her rights under the ADA.

23. Williams suffered an adverse employment action. Specifically, she was terminated.

24. Other similarly situated individuals were not subject to the same treatment.

25. Defendant retaliated against Williams for engaging in protected activity under the ADA.

26. Defendant's actions were intentional, willful, and in reckless disregard of Williams' rights that are protected by the ADA.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Angel Williams, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Williams' employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Williams of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of the ADA;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By:  /s/ Emily Stultz
Emily Stultz
Andrew Dutkanych
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: estultz@bdlegal.com
           ad@bdlegal.com
*Counsel for Plaintiff, Angel Williams*

## DEMAND FOR JURY TRIAL

Plaintiff, Angel Williams, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Emily Stultz
Emily Stultz
Andrew Dutkanych
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: estultz@bdlegal.com
          ad@bdlegal.com
*Counsel for Plaintiff, Angel Williams*